# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SHERRYLLE J. HATFIELD,

      Plaintiff,

v.                                  Case No. 04-2563-JWL-DJW

PRICE MANAGEMENT CO.,

      Defendant.

## MEMORANDUM AND ORDER

Pending before the Court is the parties' Joint Motion for Protective Order (doc. 7). For the reasons set forth below, the Joint Motion is denied and the parties are directed to submit a revised proposal by February 22, 2005.

The decision whether to enter a protective order lies within the sound discretion of the court.[1] Federal Rule of Civil Procedure 26 provides that the court, upon a showing of good cause, "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[2] he Scheduling Order entered in this case requires that at all "jointly proposed protective orders shall include . . . a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed.R.Civ.P. 26(c)."[3]

---

[1] *Thomas v. IBM*, 48 F.3d 478, 482 (10th Cir.1995).

[2] Fed.R.Civ.P. 26(c).

[3] Doc. 6, ¶2(j).

The Court finds that although the proposed Protective Order on the one hand contains a "sufficiently specific recitation" of good cause, supplemental generic language included by the parties renders the order virtually limitless and allows the parties to designate any document they please as "confidential."

Moreover, the proposed Order also fails to establish good cause to file documents under seal with the Court. More specifically, the parties have failed to establish a public or private harm sufficient to overcome the public's right of access to judicial records. It is well settled that federal courts recognize a common-law right of access to judicial records.[4]. This right derives from the public's interest "in understanding disputes that are presented to a public forum for resolution" and is intended to "assure that the courts are fairly run and judges are honest."[5] This public right of access, however, is not absolute.[6] As federal district courts have supervisory control over their own records and files, the decision whether to allow access to those records is left to the court's sound discretion.[7] In exercising that discretion, the court must consider the relevant facts and circumstances of the case and balance the public's right of access, which is presumed paramount, with the parties' interests in sealing the record or a portion thereof.[8]

---

[4] *Worford v. City of Topeka*, No. 03-2450-JWL-DJW, 2004 WL 316073, at *1 (Feb. 17, 2004) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597-99 (1978); *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir.1980); *Stapp v. Overnite Transp. Co.*, No. 96-2320-GTV, 1998 WL 229538, at *1 (D.Kan. Apr.10, 1998)).

[5] *Worford*, 2004 WL316073, at *1 (citing *Crystal Grower's Corp.,* 616 F.2d at 461).

[6] *Id.* (citing *Stapp*, 1998 WL 229538, at *1)

[7] *Id.*

[8] *Id.*

2

Documents should be sealed "only on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture."[9]

In keeping with "the paramount right of public access," this Court will require a party to move for permission to file a particular document under seal and to demonstrate a public or private harm that is sufficient to justify the sealing of the document. The fact that the parties may agree to a protective order which provides for the filing of confidential materials under seal does not dispense with the requirement that the parties establish a harm sufficient to overcome the public's right of access to judicial records.[10] The Court wishes to make it clear that this ruling does not preclude any of the parties from filing a motion to file a particular document or documents under seal. Any such motion should identify the particular document(s) sought to be filed under seal and should set forth specific facts that would satisfy the standards set forth herein.

Finally, the parties are reminded that orders of a court are binding on parties to the pending cause and cannot bind non-parties; thus, any provision within a proposed protective order stating otherwise is inaccurate.[11]

---

[9] *Id.*

[10] *Id.* The Court notes that an additional concern supports the Court's rejection of blanket "filing under seal" provisions in protective orders. Because this District has implemented an electronic case filing system, documents filed under seal must be filed conventionally, i.e., in paper form, rather than electronically. See D. Kan. 5.4.6. Such paper filings impose a significant administrative burden on the Clerk's Office.

[11] Paragraph 3 of the proposed order states that "[a]ny person receiving Confidential Discovery Materials shall safeguard their confidentiality and shall not reveal or discuss such materials to or with any person or entity not entitled to disclosures herein provided."

3

In light of the above, the Court is unable to grant the parties' request to enter the Protective Order submitted by the parties. Thus, the Motion is denied and the parties are hereby granted leave for additional time – up to and including February 22, 2004 – in which to submit a revised, agreed protective order consistent with this Order.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 16th day of February, 2005.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:   All counsel and *pro se* parties